**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Kayla Boyd, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    1:26-cv-1606 |
| | ) | |
| Credit Collection Services, a/k/a Credit | ) | |
| Control Services, Inc., a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Kayla Boyd, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Kayla Boyd ("Boyd"), is citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect defaulted consumer debts that she allegedly owed originally to GEICO Insurance and Allstate Insurance.

1

4. Defendant, Credit Collection Services, a/k/a Credit Control Services, Inc. ("CCS"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail, and/or the telephone, and/or credit reporting, to collect, or attempt to collect, defaulted consumer debts. Defendant CCS operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana.

5. Defendant CCS was acting as a debt collector as to the defaulted consumer debts it attempted to collect from Plaintiff.

6. Defendant CCS is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts extensive business in Indiana.

**FACTUAL ALLEGATIONS**

7. Due to financial difficulties, Ms. Boyd was unable to pay her debts, including defaulted consumer debts (incurred primarily for personal, family or household purposes) that she allegedly owed originally to GEICO Insurance and Allstate Insurance. Sometime after the debts went into default, Defendant obtained the debts and began trying to collect them from her by, among various means, negative credit reporting.

8. Unsure about Defendant CCS and unsure about the debts, Ms. Boyd reached out to her attorney, and on March 5, 2026, Ms. Boyd's attorney informed Defendant, in writing, that Ms. Boyd was represented by counsel, and that she disputed the correctness of the debts that Defendant was attempting to collect. A copy of this letter is attached as Exhibit B.

9.      Ms. Boyd's attorney's letter was sent to Defendant CCS via email to the address CCS designated to be used for such notices. This letter did not bounce back as undeliverable.

10.      On June 11, 2026, Ms. Boyd took the time and effort, as well as the expense (about $7.00), to review a copy of her TransUnion credit report, which showed that Defendant CCS had continued to report the debts she allegedly owed, but had failed to note that the debts were disputed. The pertinent parts of Ms. Boyd's TransUnion credit report is attached as Exhibit C.

11.      Additionally, Ms. Boyd had to take additional time and effort, as well as expense (about $270), to have another attorney send Defendant a letter, on June 17, 2026, to re-assert that she had disputed the debts that Defendant was trying to collect from her. A copy of this letter is attached as Exhibit D.

12.      Defendant's violations of the FDCPA were material because Defendant's failure to note that the debts were disputed when Defendant reported, or continued to report, the debts on Plaintiff's credit report harmed her credit reputation, impaired her credit rating and her ability to obtain credit. Defendant's failure to note, when reporting the debts on Plaintiff's credit report, that the debts were disputed, makes it appear as if Plaintiff does not actually have the right to dispute the debts.

13.      Section 1692e (8) of the FDCPA's command, that a debt collector must communicate that a disputed debt is disputed, is rooted in the basic common law principle of defamation/fraud that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information, namely, that the debt is disputed.

3

14.  Defendant's collection actions negatively impacted Ms. Boyd's credit score, and forced her to take the time, effort and/or expense to try to stop the improper credit reporting, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, 60 F.4th 642, 649 (11th Cir. 2023) and Ebaugh v. Medicredit, 2025 U.S.App.LEXIS 8530 at [*1]-[*2] (8th Cir. 2025).

15.  All of the Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

**COUNT I**
**Violation Of § 1692e(8) Of The FDCPA –**
**Failing To Report That A Disputed Debt Is Disputed**

16.  Plaintiff adopts and realleges ¶¶ 1-15.

17.  Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Wood v. Security Credit Services, 126 F.4th 1303, 1310 (7th Cir. 2025); Ewing v. Med-1 Solutions, 24 F.4th 1146, 1153-54 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

18.  Defendant, by continuing to report the debts to the credit reporting agency, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts

4

were disputed, used false, deceptive or misleading means to collect or attempt to collect debts, in violation of § 1692e(8) of the FDCPA.

19.     Defendant's violations of § 1692e(8) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

20.     Plaintiff adopts and realleges ¶¶ 1-15.

21.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

22.     Defendant, by continuing to report the debts to the credit reporting agency, when it knew the debts were disputed by Plaintiff, and by failing to report that the debts were disputed, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

23.     Defendant's violations of § 1692f of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Kayla Boyd, prays that this Court:

1.     Find that Defendant's collection practices violate the FDCPA;

2.     Enter judgment in favor of Plaintiff Boyd, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by

5

§ 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Kayla Boyd, demands trial by jury.


                                            Kayla Boyd,

                                            By: s/ David J. Philipps_____
                                            One of Plaintiff's Attorneys

Dated: July 31, 2026

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd. xx
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com